**GLOBAL LEGAL LAW FIRM**
Christopher R. Dryden (SBN 234476)
Joshua J. Herndon (SBN 244106)
380 Stevens Drive, Suite 311
Solana Beach, California 92075
Telephone:   (888) 846-8901
Facsimile:    (888) 846-8902
cdryden@attorneygl.com,
jherndon@attorneygl.com

Attorneys for Plaintiff
RETAIL CAPITAL PARTNERS, LLC
DBA CREDIBLY

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 17-07453-MM7 |
| ALFREDO LIBURD | Chapter 7 |
| Debtor | Adversary Case No.: 18-90033-MM |
| RETAIL CAPITAL PARTNERS, LLC, a New York limited liability company doing business as CREDIBLY, | **STIPULATION AND [PROPOSED] ORDER REQUESTING APPOVAL OF STIPULATION FOR DISMISSAL OF CROSS-COMPLAINT, AND OF AN OBJECTION TO DISCHARGE UNDER 11 U.S.C. 727** |
| Plaintiff, | |
| v. | |
| ALFREDO LIBURD, an individual,, | Local Rule 7041-3 |
| Defendant. | |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Plaintiff Retail Capital Partners, LLC, a New York limited liability company doing business as Credibly ("Plaintiff"), a creditor and party in interest in the above-referenced bankruptcy proceeding; and Alfredo Liburd, the debtor ("Defendant"), hereby agree and stipulate as follows:

WHEREAS, on or about March 10, 2016, WebBank ("WB"), a Utah chartered industrial bank entered into a Business Loan Agreement (the "Agreement") with NevWest, Inc. ("NevWest"), which was personally guaranteed by Defendant. Under

1
STIPULATION AND [PROPOSED] ORDER REQUESTING APPOVAL OF STIPULATION FOR DISMISSAL OF
CROSS-COMPLAINT, AND OF AN OBJECTION TO DISCHARGE UNDER 11 U.S.C. 727

1 the terms of the Agreement, WB agreed to fund NevWest the sum of $245,500.00 (the "Principal Amount") in exchange for future payments in the amount of $338,790.00 (the "Repayment Amount").

WHEREAS, it is Plaintiff's position that NevWest and Defendant did not repay the Repayment Amount in its entirety. As a result, Plaintiff filed Case No. 37-2016-00045886-CU-BC-CTL in the Superior Court of the State of California for the County of San Diego (hereinafter, the "Civil Action").

WHEREAS, on October 6, 2017, the Court issued a minute order granting summary judgment in favor of Plaintiff in the Civil Action (the "Minute Order"). Pursuant to the Minute Order, on November 17, 2017, Plaintiff filed a judgment in the amount of $269,649.62 (the "Judgment Amount").

WHEREAS, on December 14, 2017, Defendant commenced the above-captioned bankruptcy case, Case No. 17-07453-MM7 (S.D. Cal. Bankr.) (the "Bankruptcy Action"), by filing a Voluntary Petition for Individuals Filing for Bankruptcy for relief under Chapter 7 of the U.S. Bankruptcy Code. In the Bankruptcy Action, Defendant sought an order that the Judgment Amount is dischargeable under Chapter 7 of the U.S. Bankruptcy Code. In the Bankruptcy Action, Defendant requested a discharge pursuant to 11 U.S.C. § 727.

WHEREAS, on March 22, 2018, Plaintiff commenced the above-entitled adversary action, Case No. 18-90033-MM (S.D. Cal. Bankr.) (the "Adversary Action"), by filing an Adversary Complaint (1) objecting to Defendant's request for a discharge pursuant to 11 U.S.C. § 727, and (2) requesting an order that the Judgment Amount is nondischargeable under 11 U.S.C. §§523(a)(2)(A) and 523(a)(6).

**IT IS HEREBY STIPULATED** by and between the Parties, by and through their respective counsel of record, that:

1. Defendant agrees to dismiss his request for a discharge of the Judgment Amount pursuant to 11 U.S.C. § 727;

1  2.   Defendant agrees that the Judgment Amount shall be nondischargeable
2  under any Chapter of the U.S. Bankruptcy Code;

3  3.   Plaintiff agrees that its Adversary Action (inclusive of its (1) objection
4  to Defendant's request for a discharge pursuant to 11 U.S.C. § 727, and (2) request for
5  an order that the Judgment Amount is nondischargeable under 11 U.S.C.
6  §§523(a)(2)(A) and 523(a)(6)) shall be dismissed with prejudice upon the Court's
7  entry of an order that (1) Defendant's request for a discharge of the Judgment Amount
8  pursuant to 11 U.S.C. § 727 is dismissed, and (2) that the Judgment Amount shall be
9  nondischargeable under any Chapter of the U.S. Bankruptcy Code; and

10  4.   Aside from the portion of the Judgment Amount consisting of certain
11  attorney's fees that Plaintiff incurred in the Civil Action, Plaintiff and Defendant shall
12  each be solely responsible for any and all other attorney's fees and costs they've
13  incurred with respect to the Civil Action, the Bankruptcy Action, and the Adversary
14  Action.

15  
16  Date: December 9, 2019
17  
18  Joshua J. Herndon
    Attorneys for Plaintiff, Retail Capital Partners, LLC
19  
20  Date: December 9, 2019
21  
22  Mr. Alfredo Liburd
    Defendant

23  ////  5. Plaintiff and Defendant if/we will hereby
24  ////  stipulate to have the trial scheduled
25  ////  for December 10, 2019 in Defendment / taken
26  ////  off - calendar based on the global settlement
27  ////  in the above - referenced matter.
28  ////

GLOBAL LEGAL RESOURCES LLP
LAWYERS
5411 AVENIDA ENCINAS, SUITE 280
CARLSBAD, CA 92008
888-846-8901

# [PROPOSED] ORDER

The Court has reviewed the Parties' Stipulation in which the Parties have reached an agreement regarding the nondischargability of the Judgment Amount, the dismissal of the Adversary Action related thereto, and their responsibility for their respective attorney's fees and costs.

After consideration of the Stipulation, and good cause appearing:

**IT IS HEREBY ORDERED:**

1. Defendant's request for a discharge of the Judgment Amount pursuant to 11 U.S.C. § 727 is dismissed;

2. The Judgment Amount shall be nondischargeable under any Chapter of the U.S. Bankruptcy Code;

3. Plaintiff's Adversary Action (inclusive of its (1) objection to Defendant's request for a discharge pursuant to 11 U.S.C. § 727, and (2) request for an order that the Judgment Amount is nondischargeable under 11 U.S.C. §§523(a)(2)(A) and 523(a)(6)) shall be dismissed with prejudice; and

4. Aside from the portion of the Judgment Amount consisting of certain attorney's fees that Plaintiff incurred in the Civil Action, Plaintiff and Defendant shall each be solely responsible for any and all other attorney's fees and costs they've incurred with respect to the Civil Action, the Bankruptcy Action, and the Adversary Action.

Dated: _____

_____
The Hon. Margaret M. Mann
Bankruptcy Judge